IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2006 Session

## WILLIE V. MELVIN, III v. ANITA LOUISE JOHNSON-MELVIN

**Appeal from the Chancery Court for Sumner County**
**No. 2000D-138      Tom E. Gray, Judge**

_____

**No. M2004-02106-COA-R3-CV - Filed April 27, 2006**

_____

WILLIAM C. KOCH, JR., P.J., M.S., concurring.

I concur with the results of the court's opinion in this case. However, I write separately to emphasize a point regarding the valuation of marital property that is only briefly addressed in the court's opinion.

When a trial court turns its attention to the financial aspects of a divorce case, its first priority should be to divide the marital property and allocate the marital debt. *Anderton v. Anderton*, No. 01A01-9701-CH-00013, 1998 WL 289338, at *3 (Tenn. Ct. App. June 5, 1998) (No Tenn. R. App. P. 11 application filed). The division of marital property is essentially a three-step process. The first step is to identify and classify the parties' marital and separate property. The second is to value the marital property (and, when appropriate, the separate property). The third is to divide or apportion the marital property. *Kinard v. Kinard*, 986 S.W.2d 220, 230 (Tenn. Ct. App. 1998). Following this approach generally yields consistent and equitable results.

In this case, the trial court erroneously considered the allegations regarding dissipation of assets when it was valuing the marital property. Marital property must be valued "as of a date as near as reasonably possible to the final divorce hearing date." Tenn. Code Ann. § 36-4-121(b)(1)(A) (2005). Accordingly, the value of marital property that has been diminished through dissipation, like all other marital property, must still be valued as of a date as near as possible to the date of the divorce hearing. The valuation date should not be changed simply to offset the effects of the dissipation.

Parties who dissipate marital assets should not be permitted to benefit from their conduct. However, the remedy for dissipation is not found in adjusting the value of the marital assets but rather in the allocation of the marital estate. Tenn. Code Ann. § 36-4-121(c)(5) specifically instructs courts to consider the dissipation of marital property when dividing marital property. Accordingly, the courts may appropriately reduce the share of the marital estate a party receives if the court finds that the party has dissipated marital assets.

The trial court did not follow the proper process for valuing and dividing the parties' marital property. However, after reviewing the evidence in the manner required by Tenn. Code Ann. § 36-4-121(b)(1)(A), (c), I have determined that the result of the trial court's division of the marital property was equitable. Therefore, while I disagree with the trial court's method, I concur with its results. I am authorized to state that Judge Cottrell concurs in this opinion.

_____
WILLIAM C. KOCH, JR., P.J., M.S.